IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI,<br><br>    Plaintiff,<br><br>  vs.<br><br>CENTRAL INTELLIGENCE AGENCY, and WILLIAM JAY, Director of the CIA;<br><br>    Defendants. | 4:23CV3111<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff, who advised she is no longer incarcerated, filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 12. Upon review of Plaintiff's motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis as a non-prisoner.

  In her IFP motion, Plaintiff included a request for "service by U.S. Marshall [sic] upon receipt." Filing No. 12 at 3. Plaintiff has also filed what the Court docketed as a Motion for Service, in which she requests that the U.S. Marshals Service "carry out and serve summons" as the "120 day time limit[1] for service is near deadline." Filing No. 10. However, Plaintiff's request for service is premature.

  The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This matter may not proceed to service of process unless so ordered by

---

[1] Federal Rule of Civil Procedure 4(m) provides a 90-day timeframe in which to serve a defendant after a complaint is filed.

the Court after conducting this initial review. If the Court determines that this matter may proceed to service of process, the Court will extend the time for service as necessary. See Fed. R. Civ. P. 4(m). Accordingly, Plaintiff's Motion for Service, Filing No. 10, is denied as premature.

IT IS THEREFORE ORDERED that:

1. Plaintiff is granted leave to proceed in forma pauperis as a non-prisoner.

2. The Clerk of the Court is directed to update the Court's records to reflect that Plaintiff is no longer liable for the remaining balance of the filing fee.

3. Plaintiff's Motion for Service, Filing No. 10, is denied without prejudice as premature.

4. Plaintiff is advised that the next step in her case is for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business and will address Plaintiff's Motion for Expedited Review, Filing No. 8, at that time.

Dated this 24th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge