IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI, <br><br> Plaintiff, <br><br> vs. <br><br> CENTRAL INTELLIGENCE AGENCY, and WILLIAM JAY, Director of the CIA; <br><br> Defendants. | 4:23CV3111 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Lauree Jankowski filed a Complaint on June 14, 2023, while she was incarcerated. Filing No. 1. Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on October 24, 2023. Filing No. 13. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action "in the manner of a Federal Tort Claims Act [("FTCA")] under 28 U.S.C. § 1346(b) (2000)" against the Central Intelligence Agency ("CIA") and the current CIA Director, William Jay ("Jay"). Filing No. 1 at 1. Plaintiff also seeks "the release of [her employment application record] retained by the CIA per Freedom of Information Act[,] 5 U.S.C. § 552 [("FOIA")]". *Id*. Plaintiff alleges she was subjected to employment discrimination by the CIA in approximately November to December 2021 when she applied for employment with the CIA via their online portal and her "numerous applications were ignored or rejected, and [her] attempts at contact via the accessibility hotline [for disabled and special needs applicants] were blocked." *Id*. at 2–3. Plaintiff claims she was "perfectly qualified and hirable to basic minimum standards of legal and

gainful employment by the CIA" at the time she submitted her applications. *Id*. at 3. Plaintiff further alleges that "it was the harmful and malicious intent of the CIA to invest interest in me as a matter of exploitation for free goods and services, rather than a mutually beneficial agreement of gainful employment." *Id*.

Plaintiff requests the release of her application records and the average annual income of the positions she applied for "as basis for calculation of damages should the reasonable expectation of employment been met [sic] from first application date to current date." *Id*. Plaintiff also requests punitive damages "for the suffering and emotional distress of being capriciously and arbitrarily discriminated against for [her] sex and gender-orientation, political and religious beliefs, and victimization of criminal conduct." *Id*.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construed, Plaintiff sues the CIA and Director Jay for money damages under the FTCA and also seeks the release of her employment application records under the FOIA. Because Plaintiff did not "expressly and unambiguously" state that Director Jay is sued in his individual capacity, the Court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, any claim against Director Jay in his official capacity is a claim against the United States. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). For the reasons that follow, Plaintiff's allegations fail to establish that she is entitled to relief upon either her FTCA or FOIA claim.

**A. FTCA**

"'[S]overeign immunity shields the Federal Government and its agencies from suit.'" *Mader v. U.S.*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). "If Congress so chooses, however, it may waive the United States's sovereign immunity and 'prescribe the terms and conditions on which [the United States] consents to be sued, and the manner in which the suit shall be conducted.'" *Id.* (quoting *Beers v. State*, 61 U.S. (20 How.) 527, 529 (1857)).

Subject to certain exceptions, Congress has waived sovereign immunity for tort actions governed by the FTCA. "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). However, the United States is the only proper defendant in an action asserting a FTCA claim. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA] . . . ."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994); *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). Additionally, section 2675(a) of the FTCA provides that:

> "[a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."

*Mader*, 654 F.3d at 797 (quoting 28 U.S.C. § 2675(a) and *McNeil v. United States*, 508 U.S. 106, 112 (1993)).

4

Here, Plaintiff essentially seeks damages for the CIA's and Director Jay's failure to properly consider her employment applications and employ her and alleges she exhausted "all available grievance and appropriate reporting procedures at every available branch of government available to [her] to seek relief and appropriate recourse for the violence and extortion [she's] been subjected to." Filing No. 1 at 2. Assuming Plaintiff has properly exhausted the required administrative remedies, her claims are clearly barred by the discretionary function exception of the FTCA.

The discretionary function exception prohibits any FTCA claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680(a). "Employment decisions are discretionary, within the meaning of the FTCA's discretionary function exception. Therefore they are not reviewable by litigation under the FTCA." *Daly v. Dep't of Energy*, 741 F. Supp. 202, 206 (D. Colo. 1990) (citing *Premachandra v. United States*, 574 F.Supp. 365 (E.D.Mo.1983) *aff'd* 739 F.2d 392 (8th Cir.1984)). *See also Sydnes v. United States*, 523 F.3d 1179, 1185–86 (10th Cir. 2008) ("Decisions regarding employment and termination . . . are precisely the types of administrative action the discretionary function exception seeks to shield." (internal quotation marks and citation omitted)); *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir. 1995) (federal agency's "choice between several potential employees involves the weighing of individual backgrounds, office diversity, experience and employer intuition.  These multi-factored choices require the balancing of competing objectives, and are of the 'nature and quality that Congress intended to shield

5

from tort liability.'" (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813 (1984))).

Because the CIA's decision whether to hire Plaintiff as an employee "involves an element of choice and is the kind of decision that implicates policy concerns relating to accomplishing the agency's mission," *Sydnes*, 523 F.3d at 1187, the discretionary function exception of the FTCA precludes review of Plaintiff's claims. Moreover, to the extent Plaintiff claims the CIA discriminated against her based on her "sex and gender-orientation, political and religious beliefs, and victimization of criminal conduct," Filing No. 1 at 3, Plaintiff alleges no facts to support such claims and the discretionary function exception applies even under circumstances where "the discretion involved be abused." 28 U.S.C.A. § 2680(a). Therefore, Plaintiff's FTCA claims must be dismissed.

**B. FOIA**

Plaintiff seeks the release of her employment application records from the CIA under the FOIA.

> Under FOIA, federal agencies are required to release government records to the public upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal citations omitted). Injunctive relief for the improper withholding of records is the sole remedy under FOIA and only those records may be produced. *See* 5 U.S.C. § 552(a)(4)(B).

*Hensley v. United States Dep't of Just.*, No. 4:22-CV-00879-JM, 2022 WL 16575321, at *2 (E.D. Ark. Nov. 1, 2022).

Here, Plaintiff alleges no facts suggesting that she has submitted a request to the CIA for the records she seeks or that she has exhausted her administrative appeals, a prerequisite for bringing a FOIA suit. *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444,

6

445 (8th Cir. 1985). Thus, Plaintiff's Complaint fails to state a FOIA claim upon which relief may be granted.

## IV.  OTHER PENDING MOTIONS

### A.  Request for Appointment of Counsel

In her Complaint, Plaintiff included a request for the appointment of counsel. Filing No. 1 at 2. "There is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 F. App'x 3, 4 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's request for appointment of counsel shall be denied without prejudice to reassertion.

### B.  Motion for Expedited Review

Plaintiff filed a motion requesting expedited review of her Complaint and preliminary injunctive relief due to "perpetual threat of imminent and intolerable harm, violence, injury, and death." Filing No. 8 at 1. Plaintiff further claims she is being "raped with impunity due to the causes outlined in [her] original complaint" and asks "for a preliminary injunction of acknowledgement by the Court that 'Astral Rape' . . . constitutes

sexual assault." *Id*. at 2–3. Plaintiff goes on to define "Astral Rape" as "[t]he forced or coerced sexual interaction of one person maliciously on another person via non-physical, psychic means." *Id*. at 3. Plaintiff also states, "I have suffered immense trauma and daily horror of clandestine and tacit acts of trauma, fear, and sexual exploitation that does not stop at the threshold of intangibility; and includes physical touching, inappropriateness, verbal vulgarity, and assault." *Id*. at 5 (spelling corrected).

Preliminary injunctive relief is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The purpose of intermediate injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is to preserve the status quo and protect the plaintiff from the harms alleged in the complaint until the court has an opportunity to rule on the merits of the plaintiff's claims. *See Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). Because a "preliminary injunction is . . . appropriate to grant intermediate relief *of the same character as that which may be granted finally*" and not for matters "lying wholly outside the issues in the suit," *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945) (emphasis added), a party moving for such relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint," *Devose,* 42 F.3d at 471. A plaintiff may not obtain a preliminary injunction "based on new assertions of mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint. *Devose,* 42 F.3d at 471; *see also Omega World Travel,* 111 F.3d at 16 ("[A] preliminary injunction may never issue to prevent injury or harm which not even the moving party contends was caused by the wrong claimed in the

8

underlying action."); *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Here, Plaintiff has not established the necessary connection between the injuries claimed in her request for preliminary injunctive relief and the conduct asserted in her complaint. Nowhere in her motion does Plaintiff even identify the source of the alleged threats of harm she faces. Plaintiff's allegations regarding her subjugation to "Astral Rape" also appear to be without any basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 32–34 (1992) (court may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations). Accordingly, the Court will deny Plaintiff's request for expedited review and preliminary injunctive relief.

## V. CONCLUSION

Plaintiff's FTCA claims are barred by the discretionary function exception and will, therefore, be dismissed. Plaintiff's Complaint also fails to state a plausible FOIA claim upon which relief may be granted. However, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible FOIA claim against Defendants as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's FTCA claims are dismissed without leave to amend.

2. Plaintiff shall have until **September 25, 2024,** to file an amended complaint that states a plausible claim for relief under the FOIA. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 25, 2024**: deadline to file amended complaint.

6. Plaintiff's request for the appointment of counsel is denied without prejudice to reassertion.

7. Plaintiff's Motion for Expedited Review, Filing No. 8, is denied.

Dated this 26th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge